IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREDDIE LEON HARDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 12-0089-N |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

ORDER

In this action, plaintiff proceeds *pro se* and appeals the final decision of the Commissioner denying his claim for disability benefits. The parties have waived oral argument (doc. 18), and have filed a Consent to Jurisdiction by a Magistrate Judge (doc. 19); the action has been referred to the undersigned for all purposes (doc. 20).  Upon review of the record, including the briefs of the parties (docs. 15, 16), it is the finding of this court that the unfavorable decision of the Commissioner is due to be AFFIRMED.

Procedural Background

Plaintiff filed his application for benefits in August, 2006, alleging that he became disabled in August, 1997.  His claim was denied at the initial stage, and he sought and was given a hearing before an Administrative Law Judge ("ALJ") which was held on May 8, 2008. Plaintiff was represented by counsel at the hearing, and the hearing was continued to allow plaintiff to obtain medical records from the Veteran's Administration which would allegedly have shown that he had been diagnosed as suffering from schizoaffective disorder in 1997. After failing to obtain those records, plaintiff's counsel moved to dismiss plaintiff's request for a hearing; that motion was granted on June 11, 2008.  Plaintiff, proceeding *pro se*, convinced

the Appeals Council to vacate that order and reinstate his claim.  A second hearing was held on February 17, 2009, at which plaintiff elected to proceed without counsel.  Plaintiff informed the court at that hearing that the Veteran's Administration had told him that the relevant records were unavailable, having previously been destroyed.  Plaintiff was able to produce records from the VA for care prior to the end of 2001 reflecting two treatments for unrelated and non-disabling conditions, but was unable to locate any record of diagnosis or treatment for any potentially-disabling condition prior to his date last insured.  The ALJ entered an unfavorable decision; the Appeal Council declined to review the decision and the ALJ's order became the final decision of the Commissioner.  Plaintiff sought and received an extension of time to file his appeal, and filed the instant action within that extended period.

## Standard of Review

In reviewing claims brought under the Social Security Act, this Court's role is a limited one.  Specifically, the Court's review is limited to determining: 1) whether the decision is supported by substantial evidence, and 2) whether the correct legal standards were applied. *See,* 42 U.S.C. §  405(g); Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  Thus, a court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner.  Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996);  Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986).  Rather, the Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Chater, 84 F.3d at 1400; Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991).  *See also*, Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)("Even if the evidence preponderates against the Secretary's factual findings, we must affirm if the decision reached is supported by substantial evidence.");

Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (finding that substantial evidence is defined as "more than a scintilla but less than a preponderance," and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion[ ]"). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. Lynch v. Astrue, 358 Fed.Appx. 83, 86 (11th Cir. 2009); Martino v. Barnhart, 2002 WL 32881075, * 1 (11th Cir. 2002); Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).

## Law and Analysis

Plaintiff states that was awarded SSI benefits on June 28, 2012 pursuant to a separate application.  However, the issue central to the Commissioner's decision in *this action* was not whether the plaintiff is presently disabled, which appears undisputed, **but whether the record supports his claim that he was disabled as far back as December 31, 2001,** the last day on which he was still eligible for benefits under the Disability Insurance Benefits ("DIB") program.

> An individual claiming Social Security disability benefits must prove that she is disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. 20 C.F.R. § 416.202-03 (2005). For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured. 42 U.S.C. § 423(a)(1)(A) (2005).
> …
> In order to qualify for DIB, an individual must prove that her disability existed prior to the end of her insured status period, and, after insured status is lost, a claim will be denied despite her disability. See Demandre v. Califano, 591 F.2d 1088, 1090–91 (5th Cir.1979)[1]; 42 U.S.C. §§ 416(i), 423(c)(1); 20 C.F .R. § 404.130.

Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

DIB is an insurance program, in which workers generally pay into the system through deductions to their paychecks.  After they are no longer employed and paying 'premiums' into the system, they cease to be covered by DIB.  *See* 42 U.S.C. §§ 414(a), 423(a).  Plaintiff does not dispute that he ceased to be insured after December 31, 2001.  ***Thus, in order to qualify for DIB, plaintiff must demonstrate that his disability existed on or before December 31, 2001.***

This court is not here to reweigh the evidence and may not substitute its own judgment for that of the Commissioner.  Moore, at 1211.  The court has a much more limited standard of review: it must determine only whether the Commissioner's decision was supported by substantial evidence.  Id.  "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id.  Thus, even if plaintiff shows that there is some evidence in the record which supports plaintiff's claim, this court is nonetheless bound to decide only whether the Commissioner's decision was supported by enough other evidence to be upheld.

With those limitations in mind, the court's decision is unavoidably clear: plaintiff has provided no medical evidence of any potentially-disabling condition, particularly not schizoaffective disorder as claimed by plaintiff in his application, prior to December 31, 2001.  Without such evidence in the record, the ALJ was required to find against plaintiff on the DIB claim.  For the same reason, this court is bound to uphold the decision of the ALJ on that issue.  On the basis of the administrative record, including the medical records produced by plaintiff demonstrating conditions which could be disabling as early as 2008, the ALJ's determination that plaintiff had failed to bear his burden of proof of disability prior to December 31, 2001, was supported by substantial evidence and was free of legal error.

Conclusion

The undersigned finds that the ALJ's determination that plaintiff failed to establish disability on or before December 31, 2001 is based on substantial evidence.  Accordingly, it is hereby ORDERED that the decision of the Commissioner denying plaintiff's claim for Disability Insurance Benefits is AFFIRMED.  A separate judgment shall issue.

DONE this the 22nd day of October, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE